**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUGO ISRAEL CAHUEC, | No. 20-17470 |
| Petitioner-Appellant, | D.C. No. 3:09-cv-00113-RCJ-RAM |
| v. | |
| GREGORY SMITH; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted January 31, 2022[**]
San Francisco, California

Before: SCHROEDER, D.W. NELSON, and CHRISTEN, Circuit Judges.

Nevada State Prisoner Hugo Cahuec appeals the district court's denial of his

28 U.S.C. § 2254 petition challenging his 2004 conviction for sexual assault and

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

kidnapping, following a guilty plea. After this court's previous remand, the district court ruled that Cahuec had not demonstrated actual innocence that would excuse the untimeliness of the petition under 28 U.S.C. § 2244(d)(1). We affirm.

The evidence upon which the Petitioner relies does not establish actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995). The incident leading to the conviction occurred in 2003 when four-year-old S.G. complained of pain when urinating after Petitioner had touched her. Her statement 14 years later that the Petitioner had accidentally hit her with a board was not evidence of actual innocence, as it amounted to no more than a statement inconsistent with the earlier statement, and one which a jury could disbelieve. *See Jones v. Taylor*, 763 F.3d 1242, 1250 (9th Cir. 2014).

Statements by S.G.'s mother, the pastor of the church and his wife, none of whom were present when the incident occurred, are not evidence of actual innocence. *See Schlup*, 513 U.S. at 324. Moreover, their statements do not provide new evidence because Petitioner made similar statements to police investigating the incident in 2003. Also inconclusive are hospital records stating that the physical examination could not determine whether there had been penetration. The standard for establishing actual innocence was not met. *Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011).

**AFFIRMED.**